JUSTICE NELSON
respectfully dissents.
The opinion of the Court states that when Piper, Jaffray & Hopwood, Inc. (Piper) drafted the Margin Agreement at issue, which included an *217 arbitration clause, Piper included a choice of law provision.[1] This “choice of law” provision was the National Association of Security Dealers (NASD) rules. The opinion of the Court calls the NASD rules in this case “controlling law”.
Although the Securities and Exchange Commission (SEC) has some power over the NASD, the NASD is a private, independent, self-regulating organization. The SEC did direct the NASD to implement rules regarding arbitration. Essentially, the SEC allowed the NASD to promulgate rules, rather than force rules on the group.
The new promulgated rules provided specific directions (Rule 21) for incorporating arbitration provisions into securities agreements. A violation of Rule 21 could result in sanctions by the NASD against the violating dealer.
Here, the Court held that a failure to comply with controlling law incorporated into an arbitration agreement, such as an NASD rule, renders a pre-dispute arbitration clause invalid. However, if the NASD rule is “controlling law”, as held by the Court here, then all of the NASD rules should control. The NASD rules provide that a violation of Rule 21 can result in sanctions being issued against the violating dealer. There is no provision for invalidating the arbitration agreement in its entirety.
If there is some legal basis for the Court to determine that a violation of a “choice of law” provision can result in a remedy not provided for by that law, this legal basis should be clearly articulated. If there is no legal basis for allowing this remedy, one should not be artificially created.
For the foregoing reasons, I dissent.

I do not believe that the reference by the District Court or by this Court to the provision at issue as being one of “choice of law” is accurate in the context in which that concept is usually understood.